IN THE MATTER OF THE  
    TRUST ESTATE OF        }   December Term, 1853.  
  JANE BLAKE, DECEASED.

[CONSTRUCTION OF WILL—ANNUITIES.]

A TESTATRIX devised her real estate to her executor, in trust, to sell the same and invest the proceeds to pay the legacies and annuities in her will. She then bequeathed to her sister an annuity of one hundred dollars during her life ; to her niece, fifty dollars per annum during her life ; to each of the children of her said niece now living, or hereafter to be born, one hundred dollars per annum, payable as they respectively attained the age of five years, and to continue until they were old enough to be put out to trades. She also gave other pecuniary legacies to the same children as they respectively arrived at age or married. The interest of the trust fund was inadequate to pay these annuities. HELD—that they could not be paid out of the *principal* of the estate.

---

[The testatrix, Jane Blake, by her will, referred to in the opinion of the Chancellor in this case, devised all her real estate to her executor, in trust, to sell the same and apply the proceeds in aid of her personal estate in payment of her debts and the legacies specified in her will, "and in trust also to invest so much of the said proceeds of sale as he may think fit, in such stock funds, or mode of investment as he may think fit,

to pay said legacies and the annuities hereinafter mentioned," with authority to change the investments as in his judgment may be proper. The will then proceeds as follows:

"*Item.* To my sister, Catharine Kelly, now of Baltimore, I give and bequeath one hundred dollars a year during her life, the said annuity to be due and payable six months from the day of my decease, and annually thereafter, during her life."

"*Item.* To my niece, Mary Jane Hickey, daughter of my said sister, I give and bequeath fifty dollars a year during her life, for her sole and separate use, and free from the control of her husband or any liability for his debts, to be due and to commence twelve months after the day of my decease, to cease, nevertheless, entirely, if she should leave her husband without cause satisfactory to my executor."

"*Item.* To each of the children of my said niece, Mary Jane Hickey, who are now living, I give and bequeath the sum of one hundred dollars, per annum, to be applied to the purpose of educating them in a plain and useful manner—these annuities to commence to each of them as they shall, respectively, arrive at the age of five years, or at such other period as my executor shall think they are old enough to be put to school, and to cease as to each of them when my executor shall think they, respectively, arrive at such an age as that it will be proper to put them out to trades. If my said niece shall, hereafter, have other children, then at the death of my said sister, the annuity given to her to be applied, along with the annuities herein given to the children of my niece who are now living, in like manner, and for the same purposes, and on the same terms, to all the said children equally, whether now born or hereafter to be born, and to cease as before mentioned to each of them, respectively, on their arriving at an age when my executor may think they should be put out to trades."

Several pecuniary and specific legacies are then bequeathed to other persons, after which the will proceeds as follows:

"*Item.* To each of my said niece's children now living, or who may be hereafter born, I give and bequeath the sum of one hundred dollars, to be paid to them on their arrival at age, res-

pectively, to assist in setting them up in their several trades. If any of the said children die before arriving at the age of twenty-one years, the legacy by this clause given to the said child or children, so dying, to go and be distributed equally among the rest of said children."

"*Item.* To each of my said niece's children now living, or hereafter to be born, I bequeath the further sum of five hundred dollars, to be paid to them severally, upon their arriving at the age of twenty-one years, or upon their marriage, if that shall be before their arrival at age, provided they marry with the approbation of their father and my executor, and not otherwise, and if any of the said children die before arriving at the age of twenty-one years, as aforesaid, or before marriage, then the legacy or legacies in this clause of my will, given to such child or children, so dying, to be distributed upon their arrival at age or marrying, with the approbation aforesaid, among the survivors of my said niece's children. And if my estate, after paying my debts and the other legacies given in this will, shall not be sufficient for the payment of the legacies given in this clause of my will, then the said legacies of five hundred dollars to be abated ratably, according to the deficiency of my estate."

The executor named in the will declining to act, T. P. Scott, Esq., was, by a decree of this court, appointed trustee in his stead, and directed to sell the real estate of the testatrix, and to bring the proceeds into court, to be invested under the direction of the Chancellor, for the uses and trusts mentioned in said will. The property was accordingly sold, and the proceeds proving insufficient to pay them, by the interest thereon, the annuitants mentioned in the will, Catharine Kelly, Mary Jane Hickey and her four infant children, filed their petition in the cause, asking that the annuities payable to them, and the arrearages thereon now due, might be paid to them out of the whole estate. Upon exceptions to the Auditor's accounts, the following opinion of the Chancellor construing the will, was delivered.]

THE CHANCELLOR:

The exceptions to the report of the Auditor, of the 20th of December, 1853, and the accounts, C. and D., therewith submitted, standing ready for hearing, and having been argued on the part of some of the legatees of Jane Blake, the same, together with the proceedings in the cause, have been read and considered.

The only question of importance is whether the annuities bequeathed by the testatrix to her sister and niece, and the children of her niece, are to be paid out of the principal of the trust estate, or its income, which it is apparent is inadequate for that purpose.

With every proper disposition to give to these annuitants, who are represented to be very needy, all the relief to which, upon a fair construction of the will they are entitled, I have come to the conclusion, that by directing the annuities to be paid out of the capital of the estate, I should break up the entire scheme of the will, and defeat the leading object of the testatrix. It is clear, beyond question, that the income of the estate is totally inadequate to pay the annuities now due, and to become due, and that if the sums now payable to the four annuitants are paid out of the principal, and the latter is subjected in like manner, from year to year to the discharge of the same annuities as they fall due, the capital of the trust estate will, in a very short time, be entirely absorbed, and nothing will be left for the children of Mary Jane Hickey who have not yet attained the age of five years, the period specified in the will when the annuities begin to run.

There is nothing upon the face of the will, or any circumstances out of it, if any thing out of the will could be resorted to, to warrant a construction productive of such consequences, and, I therefore, conclude, that the annuities are to be paid out of the income of the estate, as far as it will go, and not from the principal.

The clauses of the will which give certain pecuniary legacies to the children of the testatrix's nieces at future periods, would also be defeated by the construction contended for on the part

of the annuitants, but as these legacies are payable to the same persons, and it is obvious the estate is totally inadequate to pay the annuities and the legacies referred to likewise, this difficulty might, perhaps, be overcome, particularly with regard to the five hundred dollar legacies, which in case of deficiency are directed to be abated ratably.

But the objection first stated, appears to me, to be insuperable. It certainly could not have been the intention of the testatrix that these annuities should be paid out of the principal of her estate. The character of the bequest itself implies the contrary. It is of annuities to be paid for periods indefinite in their duration, and to persons in *esse*, and hereafter to come into existence. They are all equally the objects of the bounty of the testatrix, and to apply the principal of the estate to the payment of some of them whilst others would go unpaid altogether, would, in my judgment, be unjust, and in opposition to her plainly expressed intention.

The third exception of the trustee, T. Parkin Scott, Esq., which objects to this application, must be sustained.

T. P. SCOTT, for Exceptants.
G. L. DULANY, for Petitioners.